IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDON L. JONES, ) | Case No. C 16-0249 PSG (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL WITH** |
| ) | **LEAVE TO AMEND** |
| v. ) | |
| ) | |
| SANTA RITA JAIL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Brandon L. Jones, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint and gives Jones leave to amend to specify his claims for relief.

**I.  DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its

---

[1] Jones has consented to magistrate judge jurisdiction. *See* Docket No. 3.

[2] *See* 28 U.S.C. § 1915A(a).

Case No. C 16-0249 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   Jones' Claims

Jones alleges that while he was housed at the Santa Rita Jail, he suffered from a variety of medical ailments that were not treated appropriately.  As currently pled, Jones' complaint fails to state a cognizable claim for relief.

Jones may be attempting to raise a claim that state actors were deliberately indifferent to his serious medical needs.  To allege a violation of the Eighth Amendment's proscription against cruel and unusual punishment, a plaintiff must show that defendant was deliberately indifferent to his serious medical needs.[6]  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."[7]  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.[8]  The prison official must not only "be aware of facts from which the inference could be drawn that a

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

[7] *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).

[8] *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Case No. C 16-0249 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

1  substantial risk of serious harm exists," but he "must also draw the inference."[9] If a prison
2  official should have been aware of the risk, but was not, then the official has not violated the
3  Eighth Amendment, no matter how severe the risk.[10] Even liberally construed, Jones does not
4  allege sufficient facts to conclude that he may be entitled to relief.

5        In addition, Jones has not named the individual officers who would be liable for any
6  alleged violation. Instead, Jones names the Santa Rita Jail. Local governments, such as the
7  Santa Rita Jail, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or
8  custom causes a constitutional tort.[11] However, a city or county may not be held vicariously
9  liable for the unconstitutional acts of its employees under the theory of respondeat superior.[12] To
10  impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must
11  show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2)
12  that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the
13  plaintiff's constitutional rights; and (4) that the policy is the moving force behind the
14  constitutional violation.[13] Here, Jones has not alleged sufficient facts to state a municipal
15  liability claim against the Santa Rita Jail. Jones must name the proper individual defendants
16  whom he alleges are liable for violating his constitutional rights.

17        Even liberally construed, the allegations do not give rise to the reasonable inference that
18  any state actor was deliberately indifferent to Jones' serious medical needs. However, Jones
19  nevertheless is entitled to an opportunity to amend his complaint to allege the necessary specifics
20  if he believes in good faith that he can state a cognizable federal claim.

---

[9] *Id.*

[10] *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

[11] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

[12] *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

[13] *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

## II.  CONCLUSION

The court orders as follows:

1. The complaint is DISMISSED with leave to amend. Jones shall file an AMENDED COMPLAINT within thirty days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 16-0249 PSG (PR)) and the words AMENDED COMPLAINT on the first page. Jones may not incorporate material from the prior complaint by reference. Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

2. Jones is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[14] Defendants not named in an amended complaint are no longer defendants.[15]

3. It is Jones' responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  3/30/2016

PAUL S. GREWAL
United States Magistrate Judge

---

[14] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[15] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).